The Honorable Floyd J. Lofton Circuit Judge Pulaski County Courthouse, Room 407 Little Rock, AR 72201
Dear Judge Lofton:
This is in response to your request for an opinion regarding a special intensive supervision unit for Pulaski County under the supervision of the First Division Circuit Court. Your inquiry is as follows:
 Through this communique, I request an opinion on the appropriateness of the Quorum Court to create positions and set salaries for the recently funded Pulaski County Intensive Supervision Program.
Act 731 of 1987 must be initially considered in this regard. This Act authorizes the Judge of the Sixth Judicial Circuit Position 1 Circuit Court to require a criminal defendant's participation in an electronically supervised home detention program as a condition of probation or suspension of sentence. Section 3 of the act states as follows:
 The court in which the criminal defendant received suspension of sentence or probation shall establish the procedures for participation in a home detention program, including but not limited to program criteria, terms and conditions of release, and the imposition of fees and costs upon the criminal defendant which will fully or partially pay the costs arising from the use by those persons of approved electronic monitoring or supervising devices and or program supervision. Furthermore, the court shall obtain the consent of the criminal defendant as a condition of participation in the program, and shall provide by court order that participation in the home detention program is further contingent upon any other conditions set forth in the order. These conditions shall include, but are not limited to, unannounced visits into the defendant's place of detention by any person or agent designated by the court for the purpose of verifying compliance with the use of the electronic monitoring or supervising device, and for verifying that the device is not being tampered with or otherwise altered.
The positions and salaries referenced in your correspondence would, as I understand it, essentially be in implementation of and in connection with the program outlined under the 1987 act. A question arises, however, with respect to legislative intent in that Act 731 appears to envision a program that is implemented and defined primarily by the circuit court.
Consideration must be given in this regard to the case of Venhaus v. State, 285 Ark. 23, 684 S.W.2d 254 (1985). The questions posed therein involved the salaries of circuit court probation officers. This case offers a recent discussion of the Arkansas Supreme Court's perspective on matters pertaining to state court expenses. The court stated the following in rejecting the county officials' claim that the quorum court should set the salaries of circuit court employees, pursuant to Amendment 55 to the Constitution of Arkansas:
 The argument is without merit. Traditionally quorum courts have been held to have jurisdiction only over local matters, and a circuit court and its employees are not a local matter. [Citation omitted.] Amendment 55 does not cause us to modify this body of law. The Amendment provides that the quorum court may exercise only `local legislative authority'. Section 1(a). In addition, our earlier cases have set out additional reasons the quorum court is without discretion to set the expenses of state courts.
The significance of the Venhaus case in this instance lies in the unavoidable implication under Act 731 that the home detention program is not a "local matter" for purposes of Amendment 55. Particularly significant in this regard is the fact that all authority for establishing the program's procedures resides in the circuit court. While the act does not address administrative matters pertaining, for instance, to personnel and salaries, the Venhaus decision offers a basis for challenging the Quorum Court's direction of these matters. We must therefore conclude that the Quorum Court's creation of positions and setting of salaries in connection with the home detention program is inappropriate. While it is clear that the setting of salaries is a legislative function (see Venhaus v. State, supra), it is my opinion that further action by the state legislature is indicated in this instance as the proper means of addressing such matters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.